# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| OUTSIDE THE BOX INNOVATIONS, LLC, d/b/a UNION RICH USA | ) ) ) |
| Plaintiffs/Counter-Defendants, | ) ) |
| v. | ) Civil Action No. ) 1:05-cv-2482-ODE ) |
| TRAVEL CADDY, INC., and ROOSTER PRODUCTS d/b/a THE ROOSTER GROUP | ) Judge Orinda D. Evans ) ) ) |
| Defendants. | ) |
| TRAVEL CADDY, INC., | ) ) |
| Counter-Plaintiffs/Counter-Defendants, | ) ) |
| v. | ) ) |
| OUTSIDE THE BOX INNOVATIONS, LLC, d/b/a UNION RICH USA, | ) ) ) |
| UNION RICH PLASTIC FACTORY, LTD., | ) ) |
| BONAKA PLASTIC MANUFACTURING CO., LTD., and | ) ) ) |
| BONAKA LIMITED | ) ) |
| Counter-Defendants. | ) ) |

**MOTION TO STAY PROCEEDINGS PENDING APPEAL**

On March 17, 2006, Defendant, Travel Caddy, filed a motion for preliminary injunction with the Court regarding Union Rich's infringement of the '104 patent. On March 27, 2007, this Court entered an order denying Travel Caddy's motion for preliminary injunction (among other Court rulings). This Court found that Travel Caddy did not show a likelihood of success on the merits with respect to the issue of infringement for particular claim limitations of certain patent claims as applied to the ProTool Bag and Electrician CarryAlls bag. On March 29, 2007, Travel Caddy filed a notice of appeal with respect to the Court's March 27, 2007 Order denying the Preliminary Injunction. Additionally, since the mediation in January, the parties have been negotiating a settlement. In light of Travel Caddy's appeal and the ongoing settlement discussions between the parties – discussions which have occurred as recently as today, Travel Caddy hereby requests that this Court stay the proceedings in the district pending resolution of Travel Caddy's appeal to the Federal Circuit regarding the denial of the Preliminary Injunction.

District Courts have the discretion to stay proceedings due to their inherent power to control their docket. *Clinton v. Jones*, 117 S.Ct. 1636, 1639 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Although the Supreme Court overruled the grant of a stay in *Clinton*, the court recognized that

stays are appropriate if the District Court considers the effect of the delay and the stage of proceedings. *Id.* In as much as the issues on appeal are directed to the *Markman* definitions adopted by the Court and their application to the accused products, a stay is appropriate. These definitions constitute the law of the case, are ripe for appeal as a matter of right and the outcome will directly affect any future trial. *See also*, *United Merchants and Mfrs., Inc. v. Henderson*, 495 F. Supp. 444, 447 (D.C. Ga. 1980) (In granting the Defendant's motion to stay the action, the court noted that in "deciding whether or not a stay should be ordered in a given case, a district court must evaluate the possible damage, hardship and inequities to the parties to the lawsuit and the relationship of the stay to fulfillment of judicial objectives of simplification of the issues in question and trial of the case.") Thus, it is both appropriate and well within the Court's discretion to stay these proceedings pending appeal of the preliminary injunction.

A stay is appropriate because the landscape of this case may change upon appellate review by the Federal Circuit. Travel Caddy's issues for appeal will include the two elements for which this Court found that Travel Caddy did not show a likelihood of success on the merits. The Federal Circuit will necessarily, as part of its review of the preliminary injunction order, review the Court's *Markman*

Order and address the underlying issues of claim construction relating to these and other elements.

Because the Federal Circuit will be reviewing substantive issues of infringement and claim construction, any decision rendered will have the potential to have a significant affect on the adjudication of the remainder of the instant case. The appeal could result, for example, in the change of a claim construction or application of that claim construction. A change in claim construction could affect the parties' infringement positions or even validity positions. If the case were to continue at the District Court level to address infringement of all the patent claims, including infringement under the Doctrine of Equivalents (which this Court specifically did not address in its March 27 Order), and the Federal Circuit altered the claim construction, then it would render useless any upcoming efforts of the Court and the parties. A stay of this action, pending resolution of the appeal, could prevent a potentially needless expenditure of judicial and party resources, the possibility of inconsistent results and the unnecessary waste of time and money. Thus, Travel Caddy requests that this Court stay the proceedings at the District Court pending the outcome of the Federal Circuit decision.

The interests of judicial economy and efficiency would be best served by a stay of this case. If this Court waits to proceed with this case until the Federal

Circuit reviews the issues discussed above, this case may be simplified by the Federal Circuit's decision. If a stay is not entered, this Court may have to re-adjudicate issues, such as claim construction, motions for summary judgment, infringement or trial, that were heard prior to the appellate decision. Moreover, the parties have been and still are earnestly negotiating a settlement of this case, with discussions taking place as recently as today. A stay would also allow the parties to continue their settlement discussions without incurring additional expenses.

A stay would not unduly prejudice Union Rich. A stay will simplify the issues in question and trial in this case. This case is currently at a "stopping" point in that although liability discovery is closed, the parties have not finished damages or expert discovery. There is no current calendar before the Court. Additionally, dispositive motions and trial remain, both of which address the same or very similar issues to those being appealed. Moreover, as Union Rich alleges in recent filings, it no longer manufactures the products currently accused of infringement in this case, so there may be no issue of additional damages accruing while the case is stayed. Therefore, a stay will not prejudice Union Rich.

For the foregoing reasons, Travel Caddy requests this Court stay the proceedings pending resolution of Travel Caddy's appeal.

Date: April 5, 2007                                Respectfully submitted,


       /Scott A. Burow/
Jon O. Nelson
Marc S. Cooperman
Scott A. Burow
Aimee B. Kolz
Banner & Witcoff, Ltd.
10 South Wacker Dr., Suite 3000
Chicago, IL  60606
Tel: (312) 463-5000
Fax: (312) 463-5001

G. Melton Mobley, Jr.
Lokey, Mobley and Doyle, LLP
8425 Dunwoody Place
Atlanta, GA  30350
Tel: (770) 640-9441
Fax: (770) 640-6646
ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1D, the undersigned counsel hereby certifies that the foregoing **MOTION TO STAY PROCEEDINGS PENDING APPEAL** complies with the font and point selections approved by the Court in LR 5.1B. The foregoing memorandum was prepared on a computer using the Times New Roman font (14 point).

        /Scott A. Burow/
Attorney for Defendants and
Counter-Plaintiff

Banner & Witcoff, Ltd.
10 South Wacker Dr., Suite 3000
Chicago, IL  60606
Tel: (312) 463-5000
Fax: (312) 463-5001

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **MOTION TO STAY PROCEEDINGS PENDING APPEAL** was filed electronically via CM/ECF in the United States District Court for the Northern District of Georgia, with notice of same being electronically served by the Court, on the following attorneys of record:

> Joel D. Myers
> Ashish D. Patel
> G. Melton Mobley, Jr.
> Jon O. Nelson
> Marc S. Cooperman
> Scott A. Burow
> Aimee B. Kolz

Respectfully submitted this 5th day of April, 2007.

      /Scott A. Burow/
      Attorney for Defendant and
      Counter-Plaintiff

Banner & Witcoff, Ltd.
10 South Wacker Drive
Suite 3000
Chicago, Illinois  60606
Phone: 312-463-5000