*Original*

FILED IN OPEN COURT
U.S.D.C. - Atlanta

FEB 5 2008

JAMES N. HATTEN, Clerk
By
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **OUTSIDE THE BOX INNOVATIONS, LLC,** d/b/a **UNION RICH USA** | ) ) ) |
| **Plaintiffs/Counter-Defendants,** | ) ) **Civil Action No.** |
| **v.** | ) **1:05-cv-2482-ODE** ) |
| **TRAVEL CADDY, INC., and ROOSTER PRODUCTS** d/b/a **THE ROOSTER GROUP** | ) **Judge Orinda D. Evans** ) ) ) |
| **Defendants.** | ) **TRAVEL CADDY'S** |
| **TRAVEL CADDY, INC.,** | ) **MOTION FOR** ) **JUDGMENT AS A** |
| **Counter-Plaintiffs/Counter-Defendants,** | ) **MATTER OF LAW** ) **PURSUANT TO RULE** |
| **v.** | ) **52(C)** ) |
| **OUTSIDE THE BOX INNOVATIONS, LLC,** d/b/a **UNION RICH USA,** | ) ) ) |
| **UNION RICH PLASTIC FACTORY, LTD.,** | ) ) |
| **BONAKA PLASTIC MANUFACTURING CO., LTD., and** | ) ) ) |
| **BONAKA LIMITED** | ) ) |
| **Counter-Defendants.** | ) |

## I.     LEGAL STANDARD

Federal Rule of Civil Procedure 52(c) provides:

> If during a trial without a jury a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue, or the court may decline to render any judgment until the close of all the evidence.

Fed. R. Civ. P. 52(c).

Rule 52(c) governs a motion for judgment as a matter of law in non-jury cases. *See* Fed. R. Civ. P. 52(a), (c).  In deciding whether to enter judgment as a matter of law under Rule 52(c), "the district court is not required to draw any inferences in favor of the non-moving party; rather, the district court may make findings in accordance with its own view of the evidence." *Ritchie v. United States*, 451 F.3d 1019, 1023 (9th Cir. 2006).  Therefore, the court "must weigh the evidence and resolve [issues of] credibility." *Yamanouchi Pharm. Co., Ltd. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1343 (Fed. Cir. 2000).

Further, Rule 52(c) "authorizes the court to enter judgment at any time that it can appropriately make a dispositive finding of fact on the evidence." *Id.* at 1346 (citing Rule 52).  Where the presentation of additional evidence would not bear on this dispositive finding, the court may enter judgment as a matter of law prior to the close of all evidence. *See First Virginia Banks, Inc. v. BP Exploration & Oil,*

1

*Inc.*, 206 F.3d 404, 407 (4th Cir. 2000) (under Rule 52(c), "the right to be 'fully heard' does not amount to a right to introduce every shred of evidence that a party wishes.").

## II. UNION RICH CANNOT MEET ITS BURDEN OF PROOF ON ANY OF THE ISSUES IT HAS RAISED BECAUSE UNION RICH HAS PRESENTED LITTLE MORE THAN INADMISSIBLE ATTORNEY ARGUMENT

During its case-in-chief, Union Rich failed to meet its burden of proof of clear and convincing evidence in regard to each one of its allegations because it offered this Court attorney argument and little else.  Attorney argument, of course, is not evidence. *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1211 (Fed. Cir. 1987) (stating, "[w]e reject the unsupported statements of counsel . . . . *Arguments of counsel are not evidence*."(emphasis added)).  The Federal Circuit has explained that "[u]nsubstantiated attorney argument regarding the meaning of technical evidence is no substitute for competent, substantiated expert testimony." *Invitrogen Corp. v. Clontech Labs. Inc.*, 429 F.3d 1052, 1068 (Fed. Cir. 2005); *see also Estee Lauder Inc. v. L'Oreal, S.A.*, 129 F.3d 588, 595 (Fed. Cir. 1997) (noting in patent interference case that Estee Lauder had cited no evidence other than attorney argument to prove that inventors had judged the success of certain test results and stating that "arguments of counsel cannot take the place of evidence lacking in the record"); *In re Budge Mfg. Co.*, 857 F.2d 773, 776 (Fed. Cir. 1988)

2

(in a trademark case, court rejected Budge's argument concerning a reasonable purchaser's expectations, stating, "[n]ot only was *no evidence submitted* on the point Budge seeks to make, *only statements of Budge's attorney*, but also the argument is without substance." (emphasis added)); *Floe Intern., Inc. v. Newman's Mfg. Inc.*, No. 04-5120, 2006 WL 14560, at *1 (D. Minn. Jan. 3, 2006) (in denying accused patent infringer's motion for summary judgment of anticipation and obviousness, the court noted that the accused infringer had "cited various prior art references and attorney argument, without providing *evidentiary support as to why these prior art references anticipate*" the patent in suit (emphasis added)).

Further, the Federal Circuit has even gone so far as to admonish a district court for the district court's improper use of "counsel's 'testimony.'" *Panduit Corp. v. Dennison Mfg. Co.*, 774 F.2d 1082, 1095 (Fed. Cir. 1985), *vacated on other grounds*, 475 U.S. 809 (1986). In *Panduit*, the Federal Circuit explained how, during trial, the attorney for the accused infringer approached a large easel in the courtroom and began making free-hand sketches. The attorney did this, purporting to be drawing prior art structure. When he had finished drawing, the attorney—over patentee counsel's objections—tried to admit his drawings as exhibits. The district court then admitted the sketches. The court admonished the

district court for entertaining the defense counsel's "trial tactic." *Id.* The court stated:

> The [district] court appears to have been led, at least in part, to its erroneous evaluation of the prior art by defense counsel's trial tactic. . . . The [district] court's statement from the bench indicates that it substituted counsel's sketches for the prior art patents, and that it was impressed with the ease and speed with which counsel created the claimed inventions in the courtroom. That procedure was inappropriate.
>
> ***
>
> ***Counsel was not under oath and not subject to cross-examination.*** Admission of his "testimony" in the form of his sketches was non-probative.

*Id.* (emphasis added).

In the present case, Union Rich—the party who bears the burden of proving *all* of its claims by clear and convincing evidence—merely provided "attorney testimony" when it stood at the podium and "testified" to its arguments. Therefore, because Union Rich has presented insufficient evidence to prove its allegations, Travel Caddy is entitled to a judgment as a matter of law on each of Travel Caddy's counts.

## III.   UNION RICH HAS FAILED TO PUT FORWARD CLEAR AND CONVINCING EVIDENCE THAT TRAVEL CADDY COMMITED INEQUITABLE CONDUCT DURING THE PROSECUTION OF THE '992 AND '104 PATENTS

Union Rich alleges that Travel Caddy, through its attorney Jon Nelson, committed inequitable conduct in prosecuting the '992 and '104 patents. One who alleges inequitable conduct must "provide clear and convincing evidence of (1) affirmative misrepresentations of a material fact, failure to disclose material information, or submission of false material information and (2) an intent to deceive." *Impax Labs., Inc. v. Aventis Pharms. Inc.*, 468 F.3d 1366, 1374 (Fed. Cir. 2006).

Additionally, because of its equitable underpinnings the court must "balance the equities to determine whether the patentee has committed inequitable conduct that warrants holding the patent unenforceable." *Impax Labs.*, 468 F.3d at 1375 (citations omitted). In other words, even threshold findings of materiality and intent to deceive do not compel a conclusion of inequitable conduct. *See Hoffmann-La Roche, Inc. v. Promega Corp.*, 323 F.3d 1354, 1372 (Fed. Cir. 2003) (vacating district court's judgment of inequitable conduct because the district court failed to perform the "important step in the judicial resolution of inequitable conduct claims" of determining "whether the material misrepresentations or omissions in question are sufficiently serious . . . under all the circumstances, to warrant the severe sanction of holding the patent unenforceable").

The Federal Circuit has admonished courts to be mindful that "a finding that particular conduct amounts to 'gross negligence' does not of itself justify an inference of intent to deceive . . . ." *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 876 (Fed. Cir. 1998) (partially *en banc*).

To determine materiality, courts may use either the "reasonable examiner" standard or the amended Rule 56 standard.[1] *See Digital Control, Inc. v. Charles Mach. Works*, 437 F.3d 1309, 1316 (Fed. Cir. 2006). "To the extent that one standard [the Amended Rule 56 standard] requires a higher showing of materiality than another standard, the requisite finding of intent may be lower." *Id.*

Under the "reasonable examiner" standard, an omission or misstatement is material only "if 'a reasonable examiner would have considered such prior art important in deciding whether to allow the parent [sic] application.'" *Impax Labs.*, 468 F.3d at 1374. Under the narrower amended Rule 56 standard, information is material when it is not cumulative and it either (1) establishes a prima facie case of unpatentability of a claim (i.e., support a rejection of a claim of a patent), or (2) refutes or is inconsistent with a position taken by the applicant during the prosecution of the patent. *Id.*

_____

[1] 37 C.F.R. § 1.56.

Further, "'materiality does not presume intent, which is a separate and essential component of inequitable conduct.'" *Old Town Canoe Co. v. Confluence Holdings Corp.*, 448 F.3d 1309, 1322 (Fed. Cir. 2006) (citation omitted). Because it is a separate component, the court need not address materiality if the accused infringer cannot establish intent. *See Kingsdown Med.*, 863 F.2d at 872 n.5. To show intent, "'the involved conduct, viewed in light of all the evidence, including evidence indicative of good faith, must indicate sufficient culpability to require a finding of intent to deceive.'" *Impax Labs.*, 468 F.3d at 1374–75 (quoting *Kingsdown Med.*, 863 F.2d at 876 (partially *en banc*)).

An intent to deceive should not, and cannot, be inferred simply because information was not disclosed. Accordingly, a factual basis is required before there can be a finding of deceptive intent. *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1289 (Fed. Cir. 2002). Indeed, "[w]ithout a factual basis to establish a threshold level of deceitful intent, the inequitable conduct analysis is at an end." *Akron Polymer Container Corp. v. Exxel Container, Inc.*, 148 F.3d 1380, 1384 (Fed. Cir. 1998).

A.    RELATED LITIGATION

Union Rich alleges that Mr. Nelson withheld, with an intent to deceive, the existence of, and documents from related litigation, i.e., Union Rich's declaratory judgment action regarding the '992 patent, from the PTO.  Union Rich, however, has presented insufficient evidence to show that the existence of, and documents from this litigation during the relevant time period were material.    More importantly, Union Rich has presented no evidence that Mr. Nelson intended to deceive the PTO.  In fact, the evidence shows that Mr. Nelson acted in good faith and with a mind toward disclosure to the PTO during the prosecution of the '104 patent.  *See* DTX 138, February 1, 2005 Letter from Nelson to Wilson; DTX 140, May 19, 2005 Letter from Nelson.   Because Union Rich has not presented evidence that Mr. Nelson or any entity associated with Travel Caddy committed inequitable conduct by not submitting the existence of litigation regarding the '992 patent to the PTO, Travel Caddy is entitled to judgment as a matter of law regarding this claim of inequitable conduct.

B.    PRIOR ART

Union Rich alleges that Mr. Nelson withheld, with an intent to deceive, several references from the PTO during the prosecution of both the '992 and '104

patents. Union Rich, however, has presented insufficient evidence to show that the references cited by Union Rich were material references that needed to be cited to the PTO. Importantly, Union Rich has presented no evidence that Mr. Nelson intended to deceive the PTO or that Mr. Nelson was even consciously aware of the references during the prosecution of the two patents-in-issue. *See Union Oil Co. of California v. Atl. Richfield Co.*, 34 F.Supp.2d 1208, 1212 (C.D. Cal. 1998) (knowledge of the reference "means a present, *conscious* awareness, i.e., 'the duty [to disclose] applies to contemporaneously or presently known information.'"). The evidence shows that Mr. Nelson acted in good faith and with a mind toward disclosure to the PTO during the prosecution of the '104 patent. *See* DTX 138, February 1, 2005 Letter from Nelson to Wilson; DTX 140, May 19, 2005 Letter from Nelson. Because neither party has presented evidence that Mr. Nelson or any entity associated with Travel Caddy committed inequitable conduct by not submitting references cited by Union Rich to the PTO during the prosecution of the '992 and '104 patents, Travel Caddy is entitled to judgment as a matter of law.

C.    SMALL ENTITY STATUS

Union Rich alleges Travel Caddy committed inequitable conduct by falsely claiming small entity status during the prosecution of the '992 and '104 patents. Union Rich has presented no evidence indicating that Travel Caddy was anything

other than a small entity. This Court, in its March 27, 2007 Order, already ruled that the agreement between Travel Caddy and Rooster was not an exclusive license agreement. *See* Order, Ct. Dkt. No. 392, p. 15, March 27, 2007. The Court interpreted the agreement between Travel Caddy and Rooster as an agreement whereby "Rooster purchases patented products from Travel Caddy and then resells the products." *Id.* This type of distribution agreement does not disturb Travel Caddy's status as a small entity. *See* MPEP § 509.02(v). Because Union Rich has presented no evidence to support its allegations, Travel Caddy is entitled to judgment as a matter of law.

D.    FALSE CLAIM OF INVENTORSHIP

Union Rich alleges Travel Caddy intentionally submitted a false claim of inventorship to the subject matter of the '992 and '104 patents. In Union Rich's latest argument, Union Rich argues that Mr. Redzisz, the inventor of the subject matter of the '992 and '104 patents, did not conceive and reduce to practice the bag embodiment shown in FIGs. 10 and 11 and covered by claims 5, 12, 23 and 30 of the '104 patent. Union Rich, however, has presented no evidence to prove that Travel Caddy was not in possession of the subject matter of claims 5, 12, 23 and 30 of the '104 patent at the time the '104 patent was filed. Indeed, the '104 patent is a continuation of the '992 patent. The '992 patent clearly supports "a rigid

reinforcing bridging element" that extends over at least a portion of the end panels as claimed in claims 5, 12, 23 and 30 of the '104 patent. See DTX 001, '104 patent, col. 6, ll. 23-29; Figs. 10 and 11. Accordingly, Union Rich has presented no evidence to indicate claims 5, 12, 23 and 30 are without support in the '992 specification. Further, Union Rich presented no evidence of an intent to deceive the PTO. Therefore, because neither party has presented any evidence to substantiate Union Rich's claim, Travel Caddy is entitled to judgment as a matter of law.

E.     FALSE CLAIM OF APPLICATION PRIORITY

Union Rich alleges Travel Caddy intentionally submitted a false claim of application priority to the subject matter of the '992 and '104 patents. In Union Rich's latest argument, Union Rich argues that Mr. Redzisz, the inventor of the subject matter of the '992 and '104 patents, did not conceive and reduce to practice the bag embodiment shown in FIGs. 10 and 11 and covered by claims 5, 12, 23 and 30 of the '104 patent. Union Rich, however, has presented no evidence to prove that Travel Caddy was not in possession of the subject matter of claims 5, 12, 23 and 30 of the '104 patent at the time the '104 patent was filed. Indeed, the '104 patent is a continuation of the '992 patent. The '992 patent clearly supports "a rigid reinforcing bridging element" that extends over at least a portion of the end

panels as claimed in claims 5, 12, 23 and 30 of the '104 patent.  See DTX 001, '104 patent, col. 6, ll. 23-29; Figs. 10 and 11.    Accordingly, Union Rich has presented no evidence to indicate claims 5, 12, 23 and 30 are without support in the '992 specification. Additionally, Union Rich presented no evidence of an intent to deceive the PTO.  Therefore, because neither party has presented any evidence to substantiate Union Rich's claim, Travel Caddy is entitled to judgment as a matter of law.

F.    INTENTIONAL EXECUTION OF FALSE DECLARATIONS OF INVENTION
        CONCEPTION

Union Rich alleges Travel Caddy intentionally executed false declarations of invention conception to the subject matter of the '992 and '104 patents.  In Union Rich's latest argument, Union Rich argues that Mr. Redzisz, the inventor of the subject matter of the '992 and '104 patents, did not conceive and reduce to practice the bag embodiment shown in FIGs. 10 and 11 and covered by claims 5, 12, 23 and 30 of the '104 patent.  Union Rich, however, has presented no evidence to prove that Travel Caddy was not in possession of the subject matter of claims 5, 12, 23 and 30  of the '104 patent at the time the '104 patent was filed.  Indeed, the '104 patent is a continuation of the '992 patent.  The '992 patent clearly supports "a rigid reinforcing bridging element" that extends over at least a portion of the end

12

panels as claimed in claims 5, 12, 23 and 30 of the '104 patent.  See DTX 001, '104 patent, col. 6, ll. 23-29; Figs. 10 and 11.  Accordingly, Union Rich has presented no evidence to indicate claims 5, 12, 23 and 30 are without support in the '992 specification.  Additionally, Union Rich presented no evidence of an intent to deceive the PTO.  Therefore, because neither party has presented any evidence to substantiate Union Rich's claim, Travel Caddy is entitled to judgment as a matter of law.

### G.   PATENT MISUSE

Union Rich alleges Travel Caddy is asserting fraudulently obtained patents. Union Rich has presented insufficient evidence to prove that Travel Caddy fraudulently obtained the '992 and '104 patents.  Therefore, because neither party has presented any evidence to substantiate Union Rich's claim, Travel Caddy is entitled to judgment as a matter of law.

## IV.   UNION RICH HAS FAILED TO PUT FORWARD CLEAR AND CONVINCING EVIDENCE THAT THE ASSERTED CLAIMS OF THE '992 AND '104 PATENTS ARE INVALID

### A.   ANTICIPATION

Union Rich alleges that both the '992 and '104 patents are invalid as anticipated under 35 U.S.C. § 102(a).  It is axiomatic that issued patents are afforded "a strong presumption of validity . . . ." *Robotic Vision Sys., Inc. v. View*

*Eng'g, Inc.*, 189 F.3d 1370, 1377 (Fed. Cir. 1999) (citing 35 U.S.C. § 282). Included within this strong presumption of validity is the presumption of novelty. *Structural Rubber Prods. Co. v. Park Rubber Co.*, 749 F.2d 707, 714 (Fed. Cir. 1984). "[T]herefore an accused infringer who raises patent invalidity as a defense bears the burden of showing invalidity by facts supported by clear and convincing evidence." *Robotic Vision Sys., Inc.*, 189 F.3d at 1377.

Whether a patent claim is anticipated is a question of fact. *Atofina v. Great Lakes Chem. Corp.*, 441 F.3d 991, 995 (Fed. Cir. 2006). "Anticipation under [35 U.S.C.] § 102(a) requires that the identical invention that is claimed was previously known to others and thus is not new." *Cont'l Can Co. USA, Inc. v. Monsanto Co.*, 948 F.2d 1264, 1267 (Fed. Cir. 1991). Therefore, to anticipate, a single prior art reference must disclose each and every claim element, must be enabling, and must describe the claimed invention sufficiently to have placed it in possession of one having ordinary skill in the art. *Helifix Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339, 1346 (Fed. Cir. 2000).

Union Rich has presented insufficient, let alone clear and convincing evidence to establish that each and every claim element can be found in a single asserted prior art reference. Union Rich has provided no technical expert to substantiate any of its claims and in fact, the evidence shows that many of the

elements of the two patents-in-suit are missing from each of the Union Rich asserted references.  Since the asserted claims of the '104 and '992 patents are entitled to a presumption of validity, and neither party presented any evidence of anticipation, Travel Caddy is entitled to a judgment as a matter of law that the '104 and '992 patents are not anticipated.

### B.    OBVIOUSNESS

Union  Rich alleges that the claims of the '104 and '992 patents would have been obvious to one having ordinary skill in the art and thus invalid under 35 U.S.C. § 103. Again, an accused infringer who raises patent invalidity as a defense bears the burden of showing invalidity by facts supported by clear and convincing evidence. *Robotic Vision Sys., Inc.*, 189 F.3d at 1377.  Obviousness is a question of law requiring four factual inquiries—the *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1 (1966) factors. *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 662–64 (Fed. Cir. 2000) (court vacated district court's finding of obviousness, noting that a "district court's failure to base its obviousness inquiry on the explicit findings relating to the *Graham* factors can require that the judgment be vacated and the case remanded for those findings to be made," and that *Graham* findings are "especially important" where the invention is not technologically complex).

These factors, commonly known as the *Graham* factors, include: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) secondary considerations of nonobviousness (commercial success, long-felt but unresolved needs, failure of others, copying, and unexpected results). *See id.* Additionally, even though there is no explicit requirement to find a teaching, suggestion or motivation to combine the asserted references, it is nevertheless important to identify a reason that would have prompted a person of ordinary skill in the relevant art to combine the elements found in multiple references in the way the claimed invention did. *Takeda Chem. Indus., Ltd. v. Alphapharm Pty., Ltd.*, 492 F.3d 1350, 1356–57 (Fed. Cir. 2007).

Union Rich has failed to present clear and convincing evidence that the claims of the patents-in-suit would have been obvious. The evidence presented actually shows the opposite inference—that the claims would <u>not</u> have been obvious. Union Rich has provided no technical expert to substantiate any of its claims. The evidence offered at trial shows that the references asserted by Union Rich lacked many of the elements found in the claims of the patents-in-suit and that the references cited were taken from non-analogous art. Therefore, Union Rich offers only hindsight argument. *See In re Oetiker*, 977 F.2d 1443, 1447 (Fed.

Cir. 1992) ("The combination of elements from non-analogous sources, in a manner that reconstructs the applicant's invention only with the benefit of hindsight, is insufficient to present a *prima facie* case of obviousness."). Since the asserted claims of the '104 and '992 patents are entitled to a presumption of validity, and neither party presented any evidence of obviousness, Travel Caddy is entitled to a judgment as a matter of law that the '104 and '992 patents are nonobvious.

C.   35 U.S.C. § 112

Union Rich alleges that the claims of the '992 and '104 patents are invalid for failing to comply with the strictures of 35 U.S.C. § 112. The claims as granted are presumed valid based on compliance with, among other things, § 112. *S3 Inc. v. nVIDIA Corp.*, 259 F.3d 1364, 1367 (Fed. Cir. 2001). Union Rich bears the heavy burden of proving invalidity by clear and convincing evidence. *See Robotic Vision Sys., Inc.*, 189 F.3d at 1377.

There are effectively three requirements under § 112, ¶ 1: the "written description" requirement, the "enablement" requirement, and the "best mode" requirement. The second paragraph of § 112 relates to patent claim indefiniteness. and is a question of law. *All Dental Prodx, LLC*, 309 F.3d at 778. The question of whether the subject matter of a patent claim fails to meet the written description

requirement is a question of fact.   *All Dental Prodx, LLC v. Advantage Dental Products, Inc.*, 309 F.3d 774, 778 (Fed. Cir. 2002).   The enablement requirement, however, is a question of law.   *Invitrogen Corp. v. Clontech Labs. Inc.*, 429 F.3d 1052, 1072 (Fed. Cir. 2005).   The best mode requirement is a question of fact. *Bayer AG v. Schein Pharms., Inc.*, 301 F.3d 1306, 1312 (Fed. Cir. 2002).   Finally, whether a claim is indefinite is a question of law. *All Dental Prodx, LLC*, 309 F.3d at 778.

### 1.    Written Description

To comply with the written description requirement, "the specification 'need not describe the claimed subject matter in exactly the same terms as used in the claims; it must simply indicate to persons skilled in the art that as of the [filing] date the applicant had invented what is now claimed.'" *All Dental Prodx, LLC*, 309 F.3d at 779 (citation and quotations omitted).  Even if the specification fails to specifically mention a limitation that later appears in the claims, it is not fatal to the validity of the claims if one skilled in the art would recognize upon reading the specification that the new language reflects what the specification shows has been invented. *Id.*

Union Rich has presented no evidence, let alone clear and convincing evidence, that the claims of the '992 or '104 patents fail to meet the written

description requirement. Again, in Union Rich's latest argument, Union Rich argues that Mr. Redzisz, the inventor of the subject matter of the '992 and '104 patents, did not conceive and reduce to practice the bag embodiment shown in FIGs. 10 and 11 and covered by claims 5, 12, 23 and 30 of the '104 patent. Union Rich, however, has presented no evidence to prove that Travel Caddy was not in possession of the subject matter of claims 5, 12, 23 and 30 of the '104 patent at the time the '104 patent was filed. Indeed, the '104 patent is a continuation of the '992 patent. The '992 patent clearly supports "a rigid reinforcing bridging element" that extends over at least a portion of the end panels as claimed in claims 5, 12, 23 and 30 of the '104 patent. See DTX 001, '104 patent, col. 6, ll. 23-29; Figs. 10 and 11. Union Rich has presented no evidence showing that one of skill in the art would fail to recognize upon reading the specification that the claims reflect what the specification shows has been invented. Because the asserted claims of the '104 and '992 patents are entitled to a presumption of validity, and neither party presented any evidence indicating the claims at issue fail to meet the written description, Travel Caddy is entitled to a judgment as a matter of law that the claims of the '104 and '992 patents are not invalid.

### 2. Enablement

"Section 112 requires that the patent specification enable those skilled in the

art to make and use the full scope of the claimed invention without 'undue experimentation' in order to extract meaningful disclosure of the invention and, by this disclosure, advance the technical arts." *Invitrogen Corp.*, 429 F.3d at 1070 (citations and quotations omitted). A patent meets the enablement requirement when the description enables any mode of making and using the invention. *Id.* at 1071.

Union Rich has presented no evidence, let alone clear and convincing evidence, that the claims of the '992 or '104 patents fail to meet the enablement requirement. Union Rich has presented no evidence that the patents-in-issue fail to enable at least one mode of making and using the invention. Because the asserted claims of the '104 and '992 patents are entitled to a presumption of validity, and neither party presented any evidence indicating the claims at issue fail to meet the enablement requirement, Travel Caddy is entitled to a judgment as a matter of law that the claims of the '104 and '992 patents are not invalid.

### 3. Best Mode

"The best mode requirement is 'separate and distinct' from enablement and 'requires an inventor to disclose the best mode contemplated by him, as of the time he executes the application, of carrying out the invention.'" *Bayer AG*, 301 F.3d at 1314. In order for a patentee to comply with the best mode requirement, the

inventor's preferred embodiment of the claimed invention must be disclosed. *Id.* at 1316.

Union Rich has presented no evidence, let alone clear and convincing evidence, that either the '992 or '104 patents fail to disclose the best mode. Because the asserted claims of the '104 and '992 patents are entitled to a presumption of validity, and neither party presented any evidence indicating the patents at issue fail to meet the written description, Travel Caddy is entitled to a judgment as a matter of law that the claims of the '104 and '992 patents are not invalid.

### 4.    Indefiniteness

Section 112 ¶ 2 requires that the "specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." 35 U.S.C. § 112 ¶ 2. Whether the claims meet the statutory requirements of § 112 ¶ 2 is a matter of claim construction. *See S3 Inc. v. nVIDIA Corp.*, 259 F.3d 1364, 1367 (Fed. Cir. 2001). The requirement that the claims "particularly point[ ] out and distinctly claim[ ]" the invention is met when a person experienced in the art would understand the scope of the subject matter in a particular claim when the claim is read in conjunction with the rest of the specification. *Id.* Therefore, "[i]f the claims when

read in light of the specification reasonably apprise those skilled in the art of the scope of the invention, § 112 demands no more." *Id.*

Union Rich has presented no evidence, let alone clear and convincing evidence, that any of the claims of the '992 or '104 patents are indefinite. In fact, this Court essentially found that the claims were definite when it construed the claims. *See* Claim Construction Order, Ct. Dkt. No. 261, September 18, 2006. Therefore, since the asserted claims of the '104 and '992 patents are entitled to a presumption of validity, and neither party presented any evidence indicating the claims at issue are indefinite, Travel Caddy is entitled to a judgment as a matter of law that the claims of the '104 and '992 patents are not invalid.

## V.    CONCLUSION

For the foregoing reasons, Travel Caddy respectfully requests the Court to enter judgment as a matter of law for the various issues identified in this motion.

Date: February 5, 2008                              Respectfully submitted,

Jon O. Nelson
Marc S. Cooperman
Scott A. Burow
Aimee B. Kolz
Banner & Witcoff, Ltd.
10 South Wacker Dr., Suite 3000
Chicago, IL  60606
Tel: (312) 463-5000
Fax: (312) 463-5001

G. Melton Mobley, Jr.
Lokey, Mobley and Doyle, LLP
8425 Dunwoody Place
Atlanta, GA  30350
Tel: (770) 640-9441
Fax: (770) 640-6646

ATTORNEY FOR DEFENDANTS AND
COUNTER-PLAINTIFF

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1D, the undersigned counsel hereby certifies that the foregoing **TRAVEL CADDY'S MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO RULE 52(C)** complies with the font and point selections approved by the Court in LR 5.1B.  The foregoing memorandum was prepared on a computer using the Times New Roman font (14 point).

_Scott Burrow_

Attorney for Defendants and
Counter-Plaintiff
Banner & Witcoff, Ltd.
10 South Wacker Dr., Suite 3000
Chicago, IL  60606
Tel: (312) 463-5000
Fax: (312) 463-5001

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **TRAVEL CADDY'S MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO RULE 52(C)** was served via hand delivery on the following attorneys of record:

> Joel D. Myers
> Ashish D. Patel
> G. Melton Mobley, Jr.
> Jon O. Nelson
> Marc S. Cooperman
> Scott A. Burow
> Aimee B. Kolz

Respectfully submitted this 5th day of February, 2008.

*Scott Burow*

Attorney for Defendant and Counter-Plaintiff
Banner & Witcoff, Ltd.
10 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
Phone: 312-463-5000